M’Girk, C. J.,
delivered the opinion of the Court.
Fulkerson, administrator of Clay, brought- an action of debt against Steen on a bond) subject to> a condition, without setting out any part of the condition, forth». *267 failure to do so, the defendant demurred; the Court sustained the demurrer and gave judgment for defendant. The bond declared on is for four hundred and twenty-four dollars; the condition of the bond is, that whereas Steen has 'heretofore hired of Fulkersen three negroes, at the rate of two hundred and twelve dollars for one year, and the said Steen binds himself to pay said sum, and to find said negroes in sufficient clothing, bedding, to treat them properly, to pay the taxes, and at the end of the year to return them to Fulkerson, administrator of Clay. Now if said Steen shall well and truly pay and perform the the things above mentioned, then the above obligation to be void, &c.
The question raised in this case is whether the plaintiff was bound in his declaration to set out the condition of this bond and assign breaches thereon. There can he no doubt that at common law he was not bound to do so. Whether he was hound to do so by the statute, we will now examine. By the first section of an act of the General Assembly, passed 27th June, 1821, Rev. Code, 615, it is enacted that in all actions brought upon bonds or bills in which there is a condition to be void on the payment of a lesser sum at a day certain, if the defendant shall bring into Court all the principal, interest and costs of such action, the money so brought in shall he deemed a discharge, and the Court shall give judgment accordingly. The section then proceeds to say, that “ in all actions brought on such bonds, the plaintiff shall set out the condition in his declaration and may assign as many breaches thereon as he shall think proper, and if judgment be rendered thereon, the judgment shall be for the sum really due, &c.
It is insisted by Mr. Geyer for the appellant, that the bond declared on is not within this section, because this condition is for the payment of a lesser sum and for the performance of several other things- We have no hesitation in deciding this position to be correct; the condition is so, and therefore not within the first section of the act. We will now examine if the bond comes within the second section of the act: the language of this section is, “ that all actions upon any deeds or bonds for any penal sum for non-performance of any conditions, covenants or agreements in any indenture, deed or writing contained, the plaintiff may assign as many breaches as he may think fit, and the jury upon the trial of such breaches may assess damages,” &c. We are of opinion that although the bond sued on is embraced by this section, yet the plaintiff is not in this case, as in cases arising under the first section, bound to set out his breaches in the declaration; the first section says he shall do so, this section says he may; the first section is for the benefit of defendants in cases to which it extends, the latter is for the benefit of plaintiffs as to the cases to which it extends, and the plaintiff may, if he chooses, assign breaches. The judgment of the Circuit Court is reversed^ the cause is remanded for further proceedings.